**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEY R. MECHE,<br><br>              Plaintiff,<br><br>         v.<br><br>UNKNOWN LAW ENFORCEMENT OFFICERS<br>SAN LUIS OBISPO COUNTY,<br><br>              Defendants. | NO. CV 14-1229 PSG (AS)<br><br>**ORDER OF DISMISSAL** |

On February 18, 2014, Plaintiff Josey R. Meche, proceeding pro se and in forma pauperis, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against "unknown law enforcement officers [of] San Luis Obispo County." (Docket Entry Nos. 2-3). On March 3, 2014, the Court dismissed the Complaint with leave to amend, and afforded Defendant forty-five days to file a First Amended Complaint, correcting the deficiencies of the Complaint. (Docket Entry No. 9). On March 27, 2014, the Court's Order granting Plaintiff's Request for Leave to

Proceed In Forma Pauperis was returned to the Court as undelivered mail and no forwarding address was provided. (Docket Entry No. 10). Accordingly, the Court issued a minute order on April 7, 2014 requiring Plaintiff to provide the Court with his current address pursuant to Local Rule 41-6. (Docket Entry No. 11). On April 16, 2014, this Order was also returned to the Court as undelivered mail. (Docket Entry No. 12).

On May 1, 2014, the Court issued a minute order stating that on April 24, 2014, it had received a death certificate for Plaintiff from the San Luis Obispo County Sheriff's Department, recording Plaintiff's date of death as March 12, 2014. (Docket Entry No. 13)[1]. The May 1, 2014 Order also advised that "if a motion for substitution is not made 'by any party or by the decedent's successor or representative,' within 90 days after service of a statement noting the death, the action by the decedent will be dismissed." (Id.). The Order was served on Plaintiff's address of record as listed with the Court as well as Plaintiff's last known residence and his place of death as recorded on the death certificate. (Id.). On May 29, 2014, the Court's May 1, 2014 Order, served on Plaintiff's address of record as listed with the Court, was returned to the Court as undelivered mail. (Docket Entry No. 14).

---

[1] A redacted copy of the death certificate was attached to the Court's May 1, 2014 Order.

To date, the Court has not received any motion for substitution or any other response to its May 1, 2014 Order.

Rule 25(a) of the Federal Rules of Civil Procedure states:

(a) Death

(1) Substitution if the Claim Is Not Extinguished.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

\* \* \*

(3) Service.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

In general, the law of a forum state determines whether a section 1983 action survives or is extinguished upon the death of a party.  See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436 U.S. 584, 592-95 (1978). Under California law, plaintiff's section 1983 damages claims survive his death, and a pending action asserting surviving claims can be

continued by his personal representative or successor in interest, as defined by the California Probate Code.  See Cal.Civ.Proc.Code §§ 377.20-21; Smith v. Fontana, 818 F.2d 1411, 1416-17 & n.8 (9th Cir. 1987) (applying California survivorship law to hold that a section 1983 claim could be asserted by the decedent's estate), *overruled on other grounds,* Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (en banc).

Rule 25(a) "requires two affirmative steps" to trigger the running of the 90-day period provided by Rule 25(a)(1): a party must formally suggest the death on the record, and "must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."  Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994)(reversing district court's dismissal of action under Rule 25(a)(1) because defendant city did not properly serve the statement noting Plaintiff's death on his estate and explaining that Rule 25 was designed to inform all interested persons of a party's death so that they may take appropriate action).

Here, the Court's May 1, 2014 Order more than ninety days ago satisfies Rule 25(a) and Barlow's requirement that a statement noting plaintiff's death be filed on the record.  No motion for substitution has been filed since the Court's May 1, 2014 Order was issued and no

4

other steps have been taken to prosecute this case. The Court finds Barlow distinguishable because in that case, Plaintiff was represented by counsel in his action against a city and five of its police officers. After his death, Plaintiff's counsel provided the Court with a copy of Plaintiff's will that identified the name and address of his executor. Barlow, 39 F.3d at 234. Because the city "clearly . . . knew the identity of the executor of [the plaintiff's estate]," the Ninth Circuit expressly declined to address the question of whether a suggestion of death needed to be served on the nonparty successors or representatives of the plaintiff's estate whose identities were unknown. Id., (citing Yonofsky v. Wernick, 362 F.Supp. 1005, 1011-12 (S.D.N.Y 1973)). In Yonofsky, the district court held that defendants' statement, noting Plaintiff's death and served on the deceased Plaintiff's former counsel, was not defective because it did not identify the deceased Plaintiff's representative or successor). Id., at 1012.

Here, as a pro se litigant, Plaintiff did not have an attorney who might be expected to know of the existence or identity of Plaintiff's representative or successor, if any. Moreover, Plaintiff listed his address of record as General Delivery at the San Luis Obispo Post Office, and did not provide any forwarding address for mail that was delivered there. (See Docket Entry Nos. 10, 12, 14). Moreover, no defendants have made an appearance in this case. Plaintiff's original

complaint, which the Court dismissed with leave to amend, named "Unknown Law Enforcement Officers San Luis Obispo County" as defendants. Under these circumstances, it would be burdensome and impractical to require the unserved defendants or any other person or entity to ascertain whether a representative or successor for Plaintiff exists. Therefore, the May 1, 2014 Order noting Plaintiff's death was sufficient to trigger the 90-day period for filing a motion for substitution. That period has expired and no motion for substitution has been filed in accordance with Rule 25(a)(1). Accordingly, this action is dismissed without prejudice.

DATED: August 7, 2014.

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE